UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PAUL R. CHAMBLEE, JR.                                              PLAINTIFF/
                                                          COUNTER DEFENDANT

V.                                        CIVIL ACTION NO.1:08CV193-SA-JAD

MATTHEW P. CHAMBLEE                                    COUNTER/DEFENDANT/

MEMORANDUM OPINION

On June 18, 2008, Paul Chamblee, Jr., filed suit against New York Life Insurance Company seeking to recover the proceeds of an annuity contract pursuant to his designation as beneficiary by his father Paul Chamblee, Sr. According to the complaint on October 16, 2007, Paul Chamblee, Sr., executed a change of beneficiary form naming Paul R. Chamblee, Jr., the beneficiary under the contract. The elder Chamblee died on October 24, 2007. The complaint alleged that the insurance company had failed to pay the proceeds to the plaintiff.

New York Life was granted leave to file a counterclaim for interpleader against Chamblee and his brother Matthew P. Chamblee asserting that they were making inconsistent claims to the proceeds. New York Life deposited all of the proceeds with the Clerk of the court and was discharged from the action. Matthew Chamblee originally filed an answer and defense March 16, 2009, claiming that he was due sums on the contract and asserting that the change of beneficiary form was null and void. He challenged both his father's capacity to execute the change of beneficiary and asserted his brother's undue influence in procuring its execution.

On May 11, 2009, counsel for Matthew Chamblee moved to withdraw asserting that Mr. Chamblee had refused to return phone calls or respond to correspondence to him. He never finalized a contract with his counsel. Counsel was unable to prepare a defense in the action

because of Chamblee's failure to cooperate. Matthew Chamblee filed no response to this motion.

On June 1, 2009, the magistrate judge granted the motion to withdraw. This order required Matthew Chamblee to retain new counsel or to advise the court of his intent to proceed *pro se* within 30 days. This order additionally required withdrawing counsel to serve a copy of its order on Matthew Chamblee and to provide the court with a certificate of service.

On June 4, 2009, Matthew Chamblee's former counsel provided a certificate of service for Chamblee at a Tampa, Florida address and an Ackworth, Georgia address. Counsel additionally sent e-mail notification to the counter defendant. As of this date Matthew Chamblee has failed to comply with the order of the court.

On July 9, 2009, Paul Chamblee, Jr., filed a motion to strike the answer and defenses of Matthew Chamblee based upon his failure to comply with the magistrate judge's order. Matthew Chamblee filed no response to this motion.

On October 20, 2009, the United States Magistrate Judge, Jerry A. Davis issued an order to Matthew Chamblee requiring him to show cause why his answer should not be struck as a sanction for his failure to comply with the order of the court, and judgment by default entered for Paul Chamblee, Jr. This order along, with an acknowledgment of receipt of the order, were mailed and e-mailed to Matthew Chamblee by the court at all known addresses. The time for doing so has now expired and Matthew Chamblee has filed no response to the order nor even acknowledged receipt of the order.

On October 22, 2009, Paul R. Chamblee filed a motion for entry of default against Matthew P. Chamblee. Matthew Chamblee has filed no response to that motion.

Orders of the court must be obeyed regardless of whether litigants believe the orders are necessary, fair or correct. After any appeals or proper motions for reconsideration are exhausted, the order becomes final. The court must enforce its orders to control its docket; to protect the

legitimate interests of the parties; and to protect the system of justice. The court also has an interest in the time the disposition of its business and the power to protect that interest, in various statutes, in the rules of the court and in the inherent power of the court. The inherent power of the court emanates from the "control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO*, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed. 2d 27 (1991) (quoting *Link v. Wabash R. R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed. 2d 735 (1962)). A litigant's *pro se* status does not exempt them from compliance with the dictates of the court.

It appears from the conduct of Matthew Chamblee since the initial filing of his answer that he does not intend to comply with the orders of the court and that he has abandoned the defense of this action. Any further delay in entry of judgment serves only to further prejudice the plaintiff Paul R. Chamblee. Jr., and delay the court's disposition of the case. The court finds that the answer of Matthew Chamblee should be struck as a sanction for failure to comply with the orders of the court and judgment by default entered for Paul R. Chamblee, Jr.

A separate order shall follow.

THIS the 24th day of November, 2009.

    /s/ Sharion Aycock
    U.S. DISTRICT JUDGE